IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA


UNITED STATES OF AMERICA,

           Plaintiff,         CIV. NO. S-06-1191 EJG
                                 CR. NO. S-99-0551 EJG

     v.

                              ORDER DENYING MOTION TO
CHARLES KILES,                VACATE, SET ASIDE OR CORRECT
                              SENTENCE

           Defendant.
_____/

    Defendant, a federal prisoner proceeding pro se, has filed a
motion to vacate, set aside or correct his sentence pursuant to
28 U.S.C. § 2255.  After reviewing the record and the documents
filed in connection with the motion, the court has determined
that this matter may be decided without an evidentiary hearing
because the files and the records of the case affirmatively show
the factual and legal invalidity of defendant's arguments.  Shah
v. United States, 878 F.2d 1156, 1158-59 (9th Cir. 1989).  For
the reasons set forth below, the motion is DENIED.

1

BACKGROUND

Defendant was convicted, following a jury trial, of one count of conspiracy to use a weapon of mass destruction and one count of conspiracy to use a destructive device.[1]  In addition, defendant was convicted, pursuant to his pleas of guilty, of one count of conspiracy to violate federal firearms laws and one count of felon in possession of a firearm.  He was sentenced September 9, 2002 to 264 months imprisonment and a five year term of supervised release.  He appealed his sentence and convictions. The convictions were affirmed on appeal; however, the case was remanded for a recalculation of sentence, the appellate court having determined that the district court erred when it applied a four level upward adjustment pursuant to U.S.S.G. § 2K2.1(b)(5).[2] On January 9, 2004, the district court issued an amended judgment, sentencing the defendant to 262 months imprisonment and a term of five years supervised release.  That sentence was affirmed on appeal.  On June 1, 2006, defendant filed the instant motion to vacate, set aside or correct his sentence, raising eighteen claims supported by a memorandum of points and authorities and exhibits.  The government has filed an opposition and the defendant a reply.  After considering the matter at

---

[1] The conviction followed a second trial.  An initial trial resulted in a hung jury on the conspiracy counts and the subsequent declaration of a mistrial by the court.

[2] The Ninth Circuit found a lack of evidence to support a finding that the firearms were used in connection with destruction of the propane tanks, the underlying conspiracy.

1  length, the court is now prepared to rule.  The claims will be

2  addressed seriatim.

3                              DISCUSSION

4      In his *first claim* for relief, labeled "Found Guilty on

5  False Testimony," defendant argues that he was wrongly convicted

6  on the basis of perjured testimony.  This issue was decided

7  adversely to defendant on direct appeal.  He may not relitigate

8  it on collateral review absent changed circumstances of law or

9  fact, neither of which are present here. Olmstead v. United

10 States, 55 F.3d 316, 319 (7th Cir. 1995).  See also United States

11 v. Redd, 759 F.2d 699, 701 (9th Cir. 1985) (federal habeas

12 petition may not be used to relitigate issues already decided on

13 direct appeal). Accordingly, the first claim is DENIED.

14     His *second claim* for relief, titled "Found Guilty By Mere

15 Association," alleges defendant was found guilty solely on the

16 basis of his association with co-defendant Patterson.  In

17 support, defendant refers to juror interviews conducted after the

18 trial in which certain jurors found significant the fact that

19 defendant failed to disassociate himself from his co-defendants

20 once he learned about the plan to blow up the propane tanks.  As

21 the government points out, defendant is precluded from asserting

22 this claim on collateral review because he failed to raise it in

23 a motion for new trial, or on direct appeal, nor has he provided

24 an explanation for his failure to do so.  "Where a defendant has

25 procedurally defaulted a claim by failing to raise it on direct

26                                  3

review, the claim may be raised in habeas only if the defendant

can first demonstrate either "cause" and actual "prejudice"

[citations omitted] or that he is "actually innocent. . . ."

<u>Bousley v. United States</u> 118 S.Ct. 1604, 1611 (1998).  Defendant

has offered no evidence of cause and prejudice, or actual

innocence of the crime charged.

Moreover, the claim fails on the merits.  The testimony of

numerous witnesses provided evidence linking defendant with

specific actions taken in furtherance of the conspiracy, thus

providing more than sufficient evidence from which the jury could

find him guilty of conspiracy.  The second claim is DENIED.

The **_third claim_**, labeled "found guilty on conspiracy", is

another claim asserting guilt by association; this time with

terrorism in general following the events of September 11, 2001.

Like the previous claim, this, too, was procedurally defaulted

since it was not raised on direct review.  In connection with

this claim defendant reiterates the statements he made in

connection with his first claim, namely, that witness testimony

was perjured.  For the same reasons the issue was rejected above,

it is rejected now.  Moreover, evidence placed in the record by

defendant himself contradicts his assertion of guilt by

association with terrorism in general.  Defendant's Exhibit 7, a

copy of a newspaper article written after the conviction, recites

that jurors were unanimous in their belief that the September

11th attacks did not enter their deliberations.  For all these

4

reasons, the third claim for relief is DENIED.

Defendant's **fourth claim** is labeled, "Inhanced [sic] for anti-government views." This claim, like its predecessors is denied on both procedural and substantive grounds. Since not raised previously, and in the absence of a showing of cause and prejudice or actual innocence, defendant has procedurally defaulted on this claim.

On the merits, defendant is simply mistaken. While the title of the claim implies that the court enhanced defendant's sentence, in reality, the court declined to grant defendant a downward departure finding that the type of offense and the danger posed to the community warranted a lengthy period of incarceration. Defendant's sentence, rather than a punishment for the holding of anti-government views, as defendant maintains, reflects his demonstrated willingness to act on those views. The first amendment right to freedom of expression is not absolute, is subject to governmental regulation and does not extend to the protection of criminal conduct. See e.g., United States v. O'Brien, 391 U.S. 367, 377 (1968) (first amendment interest can be overridden by government interest unrelated to suppression of free expression); Bradley v. United States, 817 F.2d 1400, 1405 (9th Cir. 1987) (law penalizes criminal conduct, not expression of views). Accordingly, the fourth claim is DENIED.

The **fifth claim** alleges ineffective assistance of counsel against trial counsel in both the first and second trials.

5

Defendant asserts that his attorney during the first trial, Mr. Gable, failed to obtain evidence which, and interview witnesses who, would have been helpful to the defense. Defendant charges the attorney in his second trial, Mr. Locke, with some of the same failings. In addition, defendant contends that Mr. Locke was misinformed about the effect of certain firearm laws, and failed to communicate with defendant concerning the appellate decision in this case.

To prevail on a claim of ineffective assistance of counsel, defendant must demonstrate **first** that counsel's performance was deficient, and **second**, that but for the deficiencies, the outcome would have been different. See generally Strickland v. Washington, 466 U.S. 668 (1984). In both his opening and reply briefs, defendant fails to explain how any of these actions or failures to act by his attorneys detrimentally affected his case other than to speculate that the persons not called, the evidence not produced, and the law not utilized might have created doubt as to the veracity of key prosecution witnesses.

Defendant's unsubstantiated speculation is insufficient to overcome his attorneys' strategic evidentiary decisions made at the time of trial. Moreover, even if defendant were able to show that counsels' errors constituted deficient performance, he has not demonstrated that the outcome would have been different but for those errors. As the Ninth Circuit noted in its affirmance, there was sufficient evidence to sustain the convictions. The

1  fifth claim is DENIED.

2     Defendant's *sixth claim* for relief is titled "Impeached

3  Testimony" and alleges that the witnesses against him were

4  impeached.  This claim appears to be part and parcel of

5  defendant's first claim of perjured testimony, and, to that

6  extent, it has previously been decided adverse to him at the

7  appellate level and may not be relitigated on collateral attack.

8  To the extent defendant here raises something broader, he did not

9  raise it on direct appeal and may not raise it now absent a

10 showing of cause and effect, or actual innocence.  Even were the

11 court to consider the claim, it fails on the merits.  "While no

12 party is permitted to put on testimony that it knows or should

13 know to be untrue, it is not improper to put on a witness whose

14 testimony may be impeached."  United States v. Perkins, 94 F.3d

15 429, 433 (8th Cir 1996).  It is within the jury's province, in

16 fact, it is the jury's sworn responsibility, to resolve the

17 dispute when presented with two conflicting versions of the

18 facts. United States v. Geston, 299 F.3d 1130, 1135 (9th Cir.

19 2002).  Moreover, defendant has not identified any way in which

20 the witnesses were impeached.  The sixth claim is DENIED.

21     The *seventh claim* is titled "Court withheld evidence" and

22 appears to allege that the court erred when it used firearms

23 allegedly owned by someone other than the defendant as a basis

24 for an upward adjustment on the section 922 count of conviction,

25 one of the counts to which defendant entered a plea of guilty.

26                              7

1  Defendant's claim is confusing because it appears to mix two

2  separate arguments.  First, that his guilty plea to § 922(g) is

3  improper because he did not own the firearms, and second, that

4  his sentence cannot be _enhanced_ by firearms he did not own.  Both

5  arguments fail.

6       Initially, the court notes that ownership is not an element

7  of section 922(g)(1).  Rather, the statute imposes liability on a

8  convicted felon who "ships", "transports", "possesses" or

9  "receives" any firearm or ammunition in or affecting interstate

10 commerce.  On April 22, 2002 when defendant pled guilty, he

11 admitted possessing 49 firearms and 50,000 rounds of ammunition.

12 Second, the four level upward adjustment was made pursuant to

13 U.S.S.G. § 2K2.1(b)(5) because the court determined that

14 defendant possessed the firearms and ammunition in connection

15 with the underlying conspiracy.  On appeal, the Ninth Circuit

16 disagreed, finding no evidence that the firearms were part of the

17 conspiracy.  Accordingly, the case was remanded for recalculation

18 of sentence.  This court heeded the appellate court's mandate and

19 re-sentenced the defendant, reducing the offense level for the

20 felon in possession conviction by four levels from the original

21 guideline calculation.  For these reasons, the seventh claim is

22 DENIED.

23      The **_eighth claim_** is titled "vindictive judge" and alleges

24 that the court should have disqualified itself on grounds of

25 bias.  Defendant is precluded from raising this issue on a

26                                8

collateral attack of his conviction since he failed to raise it on direct appeal.  As he has with a number of other claims raised in this motion, defendant has procedurally defaulted this claim.  See supra, discussion regarding procedural default.  Moreover, a review of the record shows that defendant failed to raise the issue before the district court.  While defendant asserts that he petitioned the court for its recusal, in actuality, he petitioned the court to recuse his first trial counsel citing as a reason therefor, counsel's failure to seek the court's recusal.  Motion to Recuse Counsel, filed November 19, 2001; Transcript of 12-17-01 hearing on motion to recuse counsel, Docket Entry 243.  In any event the claim fails on the merits.

Disqualification of federal judges is governed by two statutes.  The first, section 144 of Title 28 of the United States Code, requires the person seeking removal to file a timely and sufficient affidavit showing that the judge has a personal bias against him, or in favor of an adverse party.  The statute is strictly construed and filing of a timely and sufficient affidavit is a mandatory pre-requisite.  United States v. Azhocar, 581 F.2d 735, 738 (9th Cir. 1978)(failure to follow procedural requirements of statute defeat any charge of bias).

The second statute, section 455 of Title 28, is directed to the judge and requires that he disqualify himself in any proceeding where his impartiality might reasonably be questioned. This section also mandates disqualification if the judge has a

personal bias or prejudice concerning a party.

Defendant complains that at various times during the course of these criminal proceedings, "Judge Garcia showed his bias and prejudice" by making derogatory remarks to defendant, attempting to throw his gavel at defendant, ignoring appellate orders and imposing a lengthy sentence because of defendant's anti-government views.[3]  None of defendant's complaints provide a basis for the court's disqualification.

It is a well-settled principle of law that to warrant recusal, a judge's bias and prejudice must originate from an extrajudicial source, that is, from a source outside judicial proceedings.  United States v. Liteky, 510 U.S. 540, 114 S.Ct. 1147 (1994).  A judge's adverse rulings do not constitute bias and his "views on legal issues may not serve as the basis for motions to disqualify."  United States v. Conforte, 624 F.2d 869, 882 (9th Cir. 1980).

Here, defendant alleges the court relied on perjured testimony, failed to remove ineffective appointed counsel, and was hostile toward defendant.  However, all of these incidents occurred in connection with the court's ruling on legal issues and, as such, do not stem from an extrajudicial source, and are not a proper grounds for disqualification.  "[O]pinions formed by the judge on the basis of facts introduced or events occurring in

---

[3] The court does not have a gavel on the bench, thus making that portion of defendant's claim physically impossible.

10

the course of the current proceedings, do not constitute a basis

for a bias or partiality motion unless they display a deep-seated

favoritism or antagonism that would make fair judgment

impossible."  Liteky, 510 U.S. at 555, 114 S.Ct. at 1157.  No

such showing has been made here, instead, defendant has only

submitted conclusory allegations.

   As far as a judge's courtroom demeanor, remarks which are

"critical or disapproving of, or even hostile to . . . the

parties, or their cases" ordinarily do not support

disqualification.  See id.  In fact, "[t]he judge who presides at

a trial may, upon completion of the evidence, be exceedingly ill

disposed towards the defendant. . . [b]ut the judge is not

thereby recusable for bias or prejudice since his knowledge and

the opinion it produced were properly and necessarily acquired in

the course of the proceedings. . . ."  Id. 510 U.S. at 550-51,

114 S.Ct. at 1155.

   A judge, like all persons, may at times be stern and short-

tempered.  But, his demeanor, when it is a part of his effort to

maintain courtroom administration, does not provide a basis for

disqualification.  The fact that the trial judge may display

impatience, dissatisfaction, annoyance and anger reveals not that

he is biased, but only that he is "within the bounds of what

imperfect men and women, even after having been confirmed as

federal judges, sometimes display."  Liteky, 510 U.S. at 555, 114

S.Ct. at 1157.  Accordingly there is no basis for recusal under

section 455.  In addition, defendant's failure to file a timely and sufficient affidavit precludes a finding of bias under section 144.  The eighth claim is DENIED.

The **ninth claim** is titled "Judge practicing law from bench", and is yet another version of a refrain that runs through a number of defendant's claims, in which he attacks the sentence imposed by the court.  To the extent the court enhanced the defendant's sentence by finding that the firearms were used in connection with the conspiracy, that finding was overruled by the Ninth Circuit.  The sentence imposed by the court following remand was within the sentencing guideline range, albeit at the top of that range, and was an exercise of the court's sentencing discretion.  Moreover, it was affirmed on appeal.  <u>United States v. Kiles</u>, 136 Fed. Appx. 62 (9th Cir. 2005).  Defendant's continued attempts to relitigate this issue are unavailing.  The ninth claim is DENIED.

The **tenth claim** is titled "Bias [sic] judge", and is another attempt to disqualify the court.  For all the reasons previously articulated in the court's ruling on the **eighth** claim, supra, the tenth claim for relief is also DENIED.

The **eleventh claim** alleges that defendant was denied the right to appeal from the amended judgment.  This claim is without merit.  An appeal from this court's amended judgment, following remand, was perfected.  The Ninth Circuit affirmed the court's sentence, and the Supreme Court denied a petition for a writ of

1 certiorari.  <u>United States v. Kiles</u>, 136 Fed. Appx. 62 (9th Cir.

2 2005), <u>cert. denied</u>, <u>Kiles v. United States</u>, 126 S.Ct. 1666

3 (2006).  The eleventh claim is DENIED.

4     The **twelfth claim** is titled "double jeopardy", and contends

5 that retrial after a hung jury violates defendant's Fifth

6 Amendment constitutional right not to twice be placed in jeopardy

7 for the same offense.  Defendant's contention is not the law.

8 "[A] trial court's declaration of a mistrial following a hung

9 jury is not an event that terminates the original jeopardy to

10 which [defendant] was subjected. . . .[J]eopardy does not

11 terminate when the jury is discharged because it is unable to

12 agree."  <u>Richardson v. United States</u>, 468 U.S. 317, 326, 104

13 S.Ct. 3081, 3086 (1984).  Since the original jeopardy which

14 attached when the jury was sworn did not end with the jury's

15 inability to reach a verdict on the conspiracy counts, the

16 commencement of the second trial and the resulting verdicts of

17 guilty on those counts did not constitute double jeopardy.  The

18 twelfth claim is DENIED.

19     The **thirteenth claim** is titled "violation of codes and

20 treaties" and alleges that defendant's convictions were the

21 result of "paid perjured testimony", and a violation of 18 U.S.C.

22 § 201( c)(2).  Defendant's perjury allegations were addressed in

23 connection with the court's ruling on the **first** claim. There the

24 court found that the issue had been decided adversely to

25 defendant by the Ninth Circuit thus precluding him from raising

26                                    13

1  it on collateral attack.  Defendant's remaining contention, that

2  the testimony was given in exchange for a lenient sentence and

3  thus a violation of § 201( c)(2), is erroneous.

4      Section 201 criminalizes the bribery of public officials and

5  witnesses, making it an offense punishable by fine or

6  imprisonment to, among other things, promise anything of value to

7  a witness at trial because of his testimony.  The statute appears

8  broad in its scope, imposing liability on "whoever" commits the

9  violation.  Seizing upon that language, defendant argues that the

10 government attorneys violated federal law by giving leniency to

11 co-defendant Donald Rudolph for his testimony.  The law is well-

12 settled in this circuit, and every circuit to consider the issue,

13 that § 201 ( c)(2) does not apply to the United States or an

14 assistant U.S. Attorney acting in his official capacity.  See

15 United States v. Smith, 196 F.3d 1034, 1038-39 (9th Cir. 1999)

16 (summarizing holdings).  An interpretation such as that sought by

17 defendant would not only hinder the government's ability to

18 enforce the law, but would erode sovereign immunity.  "[I]t is

19 clear . . . that Congress would have legislated more expressly if

20 it had intended for 18 U.S.C. § 201( c)(2) to prohibit the

21 government from conferring immunity, leniency, and other

22 traditionally permissible benefits upon cooperating witnesses in

23 the course of a legitimate prosecution."  Id. at 1039.  The

24 thirteenth claim is DENIED.

25     The **fourteenth claim** alleges that defendant has been denied

26                                  14

1   access to the court and legal counsel while serving the sentence

2   imposed in this case.  Such a claim is not cognizable as part of

3   the instant motion.  Section 2255 of Title 28, the statute on

4   which the motion is based, provides a remedy for limited types of

5   claims:  1) that the sentence was imposed in violation of federal

6   law; 2) that the court lacked jurisdiction to impose the

7   sentence; 3) that the sentence exceeds the maximum allowed by

8   law; and 4) that the sentence is otherwise subject to collateral

9   attack.   The conditions under which defendant is serving the

10  sentence are not within the scope of section 2255.  See e.g.,

11  United States v. Koptik, 300 F.2d 19 (7th Cir. 1962) (restriction

12  on defendant's mail by jail officials not grounds for post-

13  judgment relief); Sanders v. United States, 183 F.2d 748 (4th Cir.

14  1950) (mistreatment by prison officials subsequent to conviction

15  not grounds for relief under section 2255).  The fourteenth claim

16  is DENIED.

17      The *fifteenth claim* is titled "unlawful arrest" and

18  complains that defendant was arrested without a warrant, in

19  violation of the fourth amendment.  As he has with several other

20  claims, defendant has procedurally defaulted by failing to raise

21  this claim on direct appeal.  Absent a showing of either "cause

22  and prejudice" for his failure to raise it, or "actual

23  innocence", he may not raise it anew in a collateral attack.  See

24  Bousley v. United States, 118 S.Ct. 1604, 1611 (1998).  See also,

25  Lewis v. United States, 235 F.2d 580, 581 (9th Cir. 1956) (claim

26                                15

1  of arrest without a warrant is not proper subject of a § 2255

2  motion).  The fifteenth claim is DENIED.

3      The **sixteenth claim** is titled malicious prosecution and

4  alleges that the government intentionally presented false

5  testimony, and was overzealous and vindictive in its prosecution

6  of the case.  Defendant has also procedurally defaulted this

7  claim, failing to raise it on appeal.  In any event, the claim

8  does not succeed on the merits.  Defendant has failed to state a

9  prima facie claim of either malicious or vindictive prosecution.

10 To prove malicious prosecution a defendant must show that 1) a

11 criminal proceeding was initiated against the defendant; 2) with

12 malice; 3) without probable cause; and 4) terminated in

13 defendant's favor.  McCall v. Gates, 36 F.3d 1103 & n.2 (9th Cir.

14 1994).  Vindictive prosecution, on the other hand, "usually

15 arises when the government increases the severity of . . .

16 charges . . . in response to the exercise of constitutional or

17 statutory rights." United States v. Hooton, 662 F.2d 628, 633-34

18 (9th Cir. 1981). Defendant has not presented any facts which

19 support either of these theories.  The sixteenth claim is DENIED.

20     The **seventeenth claim** appears to allege that a weapon

21 purchased by co-defendant Patterson was not unlawful to possess.

22 Initially, the court notes that defendant's assertion fails to

23 state a claim.  In any event, this claim, too, is procedurally

24 defaulted, not having been raised pre-trial, at trial or on

25 appeal.  The seventeenth claim is DENIED.

26                                   16

1    The **eighteenth claim** challenges defendant's § 922(g)

2  conviction by arguing he is not a felon and therefore cannot be

3  convicted of a crime which has as an element, a requirement of

4  being a felon.   Again, this claim is procedurally defaulted.

5  Moreover, defendant is incorrect.   Suffice it to say that

6  defendant was properly charged with and convicted of 18 U.S.C. §

7  922(g), felon in possession of a firearm.   He had previously been

8  convicted of a crime punishable by imprisonment for a term

9  exceeding one year, thus meeting the felony element of the

10 statute.   The eighteenth claim is DENIED.

11                              CONCLUSION

12    Based on the foregoing, defendant's motion to vacate, set

13 aside or correct his sentence is DENIED.   The Clerk of Court is

14 directed to close companion civil case CV. S-06-1191 EJG.

15    IT IS SO ORDERED.

16 Dated: September 13, 2007

17                              /s/ Edward J. Garcia
                               EDWARD J. GARCIA, JUDGE
18                              UNITED STATES DISTRICT COURT

19

20

21

22

23

24

25

26                              17